IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION
**HAYDEN HEAD**
**SENIOR U. S. DISTRICT JUDGE**, **VISITING**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 11-299 |
| | § | SECTION HH |
| AARON F. BROUSSARD | § | |
| THOMAS G. WILKINSON | § | |

## ORDER DENYING DEFENDANTS' MOTIONS FOR RECUSAL

Pending before the Court are Defendants' motions to recuse the United States Attorney's Office for the Eastern District of Louisiana—or, alternatively, certain members of its staff—from prosecuting this case. (D.E. 82, 90). Defendants' requests for recusal are DENIED.

"'The disqualification of Government counsel is a drastic measure and a court should hesitate to impose it except where necessary.'" *United States v. Bolden*, 353 F.3d 870, 878 (10th Cir. 2003); see also *In re Harris County, Texas*, 240 Fed.Appx. 644 (5th Cir. 2007) (unpublished) (following *Bolden*). In fact, "disqualifying an entire United States Attorney's office is almost always reversible error regardless of the underlying merits of the case" and "every circuit court that has considered the disqualification of an entire United States Attorney's office has reversed the disqualification." *Id*. at 876, 879. The "generally accepted remedy" is disqualification of specific individual Assistant United States Attorneys, and not the entire

office." *Id*. at 879–80 (if disqualification is to occur, it should be based on specific factual findings and legal conclusions as to each attorney).

The Court recognizes that the United States Attorney's Office has voluntarily recused itself in *United States v. Fazzio* (2:11-cr-157, pending in the Eastern District of Louisiana) based on the improper extrajudicial comments of former Assistant United States Attorney Salvador Perricone. On public revelation of his professional indiscretions, Mr. Perricone has resigned from the United States Attorney's Office for the Eastern District of Louisiana. Mr. Perricone was not and obviously cannot be the prosecutor in this case. Other Assistant United States Attorneys have not made such similar public comments as Mr. Perricone's or otherwise indicated personal bias in this case. Whatever involvement Mr. Perricone had in this case, it is so tangential that it is insignificant.

Furthermore, this prosecution is separate from the prosecution of Mr. Fazzio. The government has satisfied the Court that the Fazzio and the Broussard/Wilkinson prosecutions are distinct. The prosecution of Mr. Fazzio is for conspiracy, money laundering, intimidation, and fraud against the United States. Defendants Broussard and Wilkinson are being prosecuted for payroll fraud. Witnesses do not overlap. In its briefing in the case against Defendants Broussard and Wilkinson, the government stated that "[n]either Fazzio, River Birch, or any of its principles are charged in this case, nor are they going to play any role in the upcoming trial of this matter." (D.E. 94 at 2). It also stated that these outside matters involve "other individuals" and "separate charges," having "no factual bearing on the payroll fraud scheme charged here." (D.E. 94 at 3).

The Court finds that there is no lawful basis to warrant the extraordinary remedy of disqualification of the entire office or certain individuals within the office. Accordingly, Defendants' motions to disqualify (D.E. 82, 90) are DENIED.

ORDERED this 26th day of July, 2012.

_____
HAYDEN HEAD
SENIOR UNITED STATES DISTRICT JUDGE